Good morning and welcome to the third day of our panel sitting here in Jacksonville. First apologies for the late start. We got stuck in the elevator this morning and had to wait for the fire department to come bail us out. So thank you very much for your patience. Judge Choflin and I are very honored and very privileged and very thankful to have with us Judge William Traxler from the 4th Circuit. He has sat with our court before. He served as the Chief Judge of the 4th Circuit for a number of years and also served in some very important administrative capacities for the Judicial Conference of the United States. So we're very thankful that he is here to give us his help and expertise. I appreciate your letting me come back. Okay we're ready to begin and our first case today is number 18-11633, United States v. Russel Lee Orr. Mr. Schaffnit. Good morning. May it please the court. Gilbert Schaffnit, Gainesville, Florida on behalf of Appellant Russell Orr as Successor Counsel on Appeal. With the permission of the court I would like to recognize that Mr. Orr's parents are in the audience and are listening to the hearing today. Thank you. Your Honor, the initial brief that was filed in this matter sets forth six issues and I'm going to address all of the issues but concentrate primarily on the fifth issue relating to the issue concerning the request that Mr. Orr made by trial counsel for defense theory of the jury instruction. If you don't get to any of your other issues they're all preserved on the brief so don't think you have to get to all of them in oral argument to preserve them. Thank you, Your Honor. I appreciate that. Let me just say coming in that I am Successor Counsel. The original brief was filed by predecessor counsel who was trial counsel. Yes, sir. Yes, sir, Your Honor. So I did file the reply brief and if the court would note the reply brief primarily concentrated on that fifth issue that I'll be addressing in oral arguments primarily here this morning. I do believe that the briefs of the parties, both Mr. Jaffe's brief and the government's brief adequately sets forth the facts so unless the court has any questions concerning the factual statements I'd like to just address some of the issues leading up to the fifth issue. First, I believe with respect to the motion to suppress the statement and the motion to suppress the evidence that all of the facts dealing with the court's concerns about the circumstances leading to the statement and the giving of the statement and the waiver of Miranda are set forth in the brief. Similarly, with respect to the motion that was filed to suppress the evidence, the affidavit and the circumstances surrounding the statements that were made in the affidavit are fully set forth in the brief. Let me address the sixth issue which is the last issue and as Successor Counsel I want to indicate to the court that first of all with respect to the argument that the court erred by first procedurally by not adequately and accurately calculating the guidelines and then substantively by imposing an unreasonable sentence, it's position of Successor Counsel that any error with respect to the calculation or application of the specific offense characteristics leading to the calculation of the adjusted offense level is harmless because the district court in this matter imposed the mandatory minimum sentence. Yes, sir. And very downward, very slight. And very downward in the process. So the bottom of the guidelines I believe was 188 months. The court imposed the mandatory minimum 180 months. And again, regardless of what feelings trial counsel may have had with respect to the arguments regarding the specific offense characteristics, they had no impact on the sentence that would be imposed. And so I wanted to get that out of the way. With respect to the argument concerning defense theory of instruction number 16, I think that is really the crux of the issue that's before the court. Let me just state that having read the transcript, having seen the testimony presented, I think there was an adequate basis for the instruction. In other words, one of the standards in terms of whether the defense instruction should be considered is whether there's an adequate factual basis for it. Let me ask you a question in that regard if I could. Were all of Mr. Orr's statements to the officers introduced? Not all of them, but I think a sufficient number of them are in the record from the Mr. Orr was being questioned, when it finally dawned on Mr. Orr that he was being arrested for this particular offense, that his immediate response was that he was role playing, that it was fantasy. And that did get in the record. Predecessor counsel cited the Freelander case, and the Freelander case is kind of in more of a context of an expert testimony with respect to the case. Yes, sir. And it dealt with Daubert, it dealt with the admissibility of expert testimony on the issue of role playing. My problem... Yes, sir. You know what? My problem with this... Yes, sir. Beginning with the second sentence, when engaging in internet role play, people love to experiment with their personas. And going through the next four sentences, it seems to me that the instruction is effectively an expert opinion statement. I don't disagree with the court. I think that... How did we get around that? Okay. It would be a comment on the evidence, really. Yes. By the judge. Yes. I agree with the court. I think that the defense requested special jury instruction number 16 may have been an accurate statement of the law, it may have been factually sufficient, but I think just because language appears in a case doesn't necessarily mean it's appropriate to instruct the jury word for word, and that's what was done in this case. I don't think there... I think there was evidence to indicate that Mr. Orr stated that he was role playing, that it was all a fantasy, and I think that there could have been crafted a special jury instruction dealing with role playing and dealing with internet fantasy without the added verbiage, which I agree with the court, constitutes comment on the evidence and is unnecessary verbiage. That being said, the court's then confronted with the problem of this is Mr. Orr's theory of defense. This is really his only defense. The chats, as the court notes from the record, are extremely damaging. There is no question that, at least in Mr. Orr's mind, he's dealing with an individual that is underage. There's chat back and forth about sex, and so really, Mr. Orr's only argument to the trial jury was that it was role playing and that it was fantasy, and it's successor counsel's position that some instruction was necessary, that the basic standard jury instruction from the 11th Circuit dealing with intent and mens rea is intended to cover the waterfront in terms of crimes that require mens rea, but here, because of the added element of substantial step and Mr. Orr's position at the trial, that all of this was fantasy, all of this was role playing, that the district court abused its discretion, not by necessarily denying the special jury instruction number 16 as worded, but denying it completely and relying on the standard jury instructions to cover the issue of mens rea and intent. What, the district court didn't provide any detailed explanation for rejecting the instruction, is that right? That is my understanding. The offer was made, the instruction as it's in the record, I agree with Judge Schoflat, I think there is verbiage in that instruction that's inappropriate, and it's my position that the abuse of discretion came in not tailoring the instruction to be a more, not necessarily a more accurate statement of the law, but a more helpful statement to the jury in terms of how to process role playing and fantasy with respect to mens rea. Is it true that the only colloquy between court and counsel with regard to 16 occurred during the charge conference at the end, as opposed to sometime earlier, because it was submitted prior to trial, but there was no interaction before that? Not to my knowledge, Your Honor, I don't believe there was any pre-trial hearing, if the court's asking with respect to that. The judge just said, objection sustained. Correct. And again, I think something can be an accurate statement of the law, but not necessarily appropriate to instruct in that fashion as requested. But because this is Mr. Orr's complete theory of the defense, I think it was an abuse of discretion to deny it. I think the judge should have sort of, in effect, written his own instruction. In effect, that there would perhaps be some back and forth. Perhaps the government's position would be that no additional instruction was appropriate, but in this case, the one that was denied was the one that was submitted, and it's our position that there was an appropriate of instruction that could have been given. That's a pretty big burden to put on a trial judge, to reword a charge that's been submitted by a party. Where would you draw the line as to when the judge has a responsibility to rewrite it and when he doesn't? Where would you draw that line? Your Honor, I think it's a good question. I think the line needs to be drawn in a situation like this, where this is the theory of the defense. I mean, this is not a situation where this is trying to modify or in any way take away from the standard. This is the theory of the defense, and in order to give the jury the context that it's necessary to decide the case, they don't know how to put role-playing or fantasy in the context of mens rea and substantial step. And I agree with the Court, it is a burden on the trial court to fashion a different language, but I think it's appropriate and necessary to do it when in this particular case that is his theory of the defense, and without that, honestly, he has no argument to the jury. I see my time has expired. I've reserved some time. Thank you. You've saved all the time for rebuttal. Thank you very much. Thank you very much. Ms. Sweeney. Good morning. Good morning. May it please the Court. Sarah Sweeney on behalf of the United States. Judge Jordan, I want to start just by answering one of the questions that you asked initially. The entire transcript of Mr. Orr's statement was in evidence. It was Government's Exhibit 20A at the trial, so everything that he said to law enforcement in that interview was before the jury. And I believe— So this was one of those interviews that was recorded as opposed to just orally explained by somebody on the stand? That's correct, Your Honor. It was recorded, and I believe the entire thing was played. And Judge Schoflat, in response to your question, there was no discussion about this jury instruction outside of the charge conference. Oh, there was? There was not. I'm sorry. Just to confirm, there was not. That was my impression. Yes, sir. So that's the only time that it's discussed. It was very brief, just three pages. It was, Your Honor. One other thing I just want to clear up before I dive into the merits is that the language that Mr. Orr suggested as this jury instruction does not appear in the Friedlander opinion. This language, if you search for it— Oh, no. I know. Okay. Friedlander is a— And this language isn't— That was a Dabbert case involved in the— And so is Stallman. Yes. And there's no court— Stallman is also— No court has ever approved language like this. This is— Now, let's comment on the evidence. Yes. Let me step back for a second because we have to write an opinion regardless of who prevails, and writing the opinion is often the difficult part. So let me ask you this question. Intent of some degree is obviously an element of the offenses here, right? Yes, Your Honor. And so the government has to prove beyond a reasonable—I know he was charged with many offenses, but as to the main ones, the government has to prove that he knew or believed that he was dealing with a minor, right? Yes. And so lack of intent is always a valid defense theory. Yes. These charges, right? Yes. Okay. And— Oh, sorry. So my question is, if he had requested—given the fact that his whole statement was in, and in part of that statement to the detectives, he said that he was role-playing in a fantasy internet world, if he had only asked for—and I know this is a different case—if he had only asked for the second part of the instruction, would that have been appropriate for the district judge to give? Your Honor, I'd say no here, and there's a couple of reasons for that. The first is, the second part of the instruction, even that part, it doesn't contain anything legal. It doesn't explain any legal concepts to the jury. It doesn't explain what Mr. Orr is trying to say, or what they should use to judge whether he had an intent to entice or coerce. And if the district court judge had ventured into that territory, I think the United States would have been within its rights to say, well, Judge, we also want you to tell the jury that they can consider the fact that he believed this was a police sting, and that he was very concerned that it was a police sting in judging his intent. And it just puts the district court in the untenable position of telling the jury the parties are going to make in furtherance of what does or doesn't show intent. The second reason, I don't think it would have been— Are you saying that no worded instruction at all, of any kind, could have been given, which would have reflected what he said to the police in the interrogation? It's difficult for me to think of one that wouldn't then invite the United States— Without it being a comment. It's difficult for me to think of one. And I did look, and I can't find any instructions that are in reported cases where roleplaying or fantasy are directly mentioned. I do also want to say the district court— But in the cases that explain that properly supported expert testimony may be admissible on this roleplaying in the internet, you would presume that there's got to be a jury instruction that comes if that testimony is admitted. I don't think so, Your Honor. I don't presume that necessarily. If an expert testifies, there is properly qualified under Daubert and says, as Stallman, I think, suggests, there is this phenomenon in the internet of fantasy roleplaying, and some adults, under some circumstances, use the internet to enact their fantasies and roleplay. If a judge says nothing else, doesn't talk about this defendant or his or his mens rea or lack thereof, that doesn't get a jury instruction of any kind? I think the instructions that the court gives to define intent generally are the ones that are necessary here. Well, there would have been an instruction on expert witness testimony also. There would have been one generally about that if expert testimony had been offered, which it was not here. But here, the judge did give two instructions that covered intent. The first is the general intent instruction that's given as part of the instruction on the elements. And he instructed the jury that they had to find that Mr. Orr had undertaken a substantial step that strongly corroborates his criminal intent. The second thing is Mr. Orr requested and was given an entrapment jury instruction here. And that instruction requires that the jury find the defendant not guilty if the government had persuaded a defendant to commit a crime which he had no previous intent to commit. So there were two different things here. That second instruction doesn't cover the roleplaying instruction because it admits that he did form an intent, but that he was entrapped into doing it. Your Honor, I would not characterize it that way. But I also don't think that – Entrapment assumes that the government has proven the elements of its offense. It is an affirmative defense. Right. Yes. But that even though the government has proven every element of the offense beyond a reasonable doubt, the jury should acquit because the government entrapped someone without a predisposition to commit. So that's – I understand the argument about the first instruction. I don't understand the argument about the second one because the second one admits that he had at the end formed an intent, a criminal intent. And that's what he's saying he didn't have. It lets the jury know that they need to focus on what the defendant's intent is when he formed it and those types of issues. And that's – it's another defense that Mr. Orr did raise at trial was entrapment. That was something that was argued to the jury in this case. But I'd also like to point out here that this instruction, the instruction that Mr. Orr has proposed is not a statement of law in any way. It instead does exactly what this court said cannot be done in barham and parodies. It tries to put the defendant's theory of the case into the mouth of the court. So in response to that, Mr. Orr says that the district court should have come up with something. And I do think that that places a very unfair burden on a district court judge here to be a defense attorney's researcher, his scrivener, to come up with what would be a valid instruction. And no one – Mr. Orr hasn't come to the court today and said here is an instruction that the district court could have given. That hasn't been presented at all ever in this case at any level. On the other hand, to play devil's advocate, district courts do that all the time because parties are always going for everything. Parties are always binary. They're all or nothing. Their side wins. The other side loses. And the district court is often faced with irreconcilable instructions on the same issue. And the district court has to meld them, figure out what's appropriate, figure out what should be given and isn't given. So I take Judge Traxler's point and yours that it's a huge burden to put on a district court. But I don't think you should overstate the point because district judges are doing that all the time. Parties are not in the business as advocates of giving the judge a middle-of-the-road position to say this is perfect for everybody. Everybody will like this and agree with it. So you don't have to worry about anything else. Judges do it all the time. I agree with you on that, Your Honor, that often we can be kind of difficult to deal with and put our own positions first, no doubt. But the standard here is abuse of discretion. I mean, that's the other thing here is, yes, judges may do that at times when they feel it's necessary. But does a district court abuse its discretion by not doing it when presented with a proposed instruction that has literally nothing about the law in it? And the answer to that should be no. Here, the other factor that we haven't talked about, first, it's not a correct statement of the law. Second, it's covered by other jury instructions. And then third, that this instruction, not giving this instruction, did not seriously impair Mr. Orr's ability to defend himself. He still raised this issue in front of the jury. This was still discussed that the jury should find that he did not have the intent to commit these crimes because he was role-playing. But I want to focus on one other thing. It's not directly on point. But role-playing here, Mr. Orr's point was he was role-playing with a minor, with someone he believed to be a minor. He never said that he thought he was role-playing with a consenting adult. He either thought he was talking to a 14-year-old or he thought it was a police sting. And for that reason, not giving an instruction like this does not seriously impair Mr. Orr's ability to present his defense. He was charged with enticing a minor to produce child pornography. So the enticement charge here was a little different than many others. It's not what we typically call a quote-unquote traveler case. It's enticement to produce child pornography. And so his idea that he was merely role-playing by asking for it is not a defense in the same way that role-playing and not traveling would be a defense in a typical traveler case. But the instruction, as overly worded as it was, suggested that he did not know, at least the second part of it, that he was dealing with a minor. Your Honor, the instruction does say that. It does suggest that he did not know that. But if you review the interview transcript, Government's Exhibit 20A, he never claims that he thought it was an adult. In fact, towards the beginning of the interview, the officer says, or he says to the officer, I never traveled. And he said, Why didn't you travel? Because the person was too far away? And he said, No, because she was under 18. There's no way that I would ever do that. And so here it did not seriously impair his defense in any event that an instruction, even one that was appropriately worded, if one had been given. Your Honors, I don't have anything further. If there's any other questions I can answer, I'm happy to. All right. Thank you very much. Thank you very much. Thank you. Please, the court. I believe I can briefly address the matter. I believe that the last full sentence of the proposed instruction is probably where the district court could have started. And the language is as follows. The defendant has claimed that he was merely role-playing or living out a fantasy  and that he had no intent to entice or coerce anyone under 18 years old to engage in sexual activity. I think the follow-up to that would be when you're considering the issue of mens rea, you are entitled as a jury to consider whether the defendant was in fact role-playing, was in fact engaging in fantasy, as he suggests, on the issue of whether he had the requisite mens rea. I think it's as simple as that. Let me also, toward the end, there was a comment made by government with respect to what Mr. Orr said when he was taken into custody. Let me refer to the full setting that's contained in the brief of the government, the answer brief on page 10. The question was asked about why he didn't travel. And the officer asked, quote, because she was too far away. And the full context of Mr. Orr's answer was no, because she's under 18. There's no way in hell. I mean, you can role-play all day long. That's a lot different than actually going and physically meeting a person who may be underage. So I think that places into context at least what Mr. Orr's immediate statements were to the police concerning his intent. And, again, that was the theme throughout the course of the trial, that he lacked the requisite mens rea. And I think an instruction was necessary and that the standard instruction, as good as it is in most cases, is insufficient in a case like this. And that by depriving Mr. Orr of an instruction regarding his theory of the defense, the district court abused its discretion. Thank you. All right, thank you both very much. We appreciate it. I have no more business, if I might be excused. Yes. Thank you. Take your time to set up. Our next case is number 8.